UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Rubygold Main Holdings, LLC

    v.                                        Civil No. 20-cv-1006 -JL
                                                  Opinion No. 2021 DNH 308P

Brian Gardner Carpentry, LLC


**SUMMARY CLARIFYING ORDER**

Plaintiff Rubygold seeks reconsideration[1] of the court's order denying its motion for preliminary injunction, not because its ultimate result is erroneous, but because certain "implied" or other rulings within the order are manifest errors of law.  See LR 7.1(d).  Defendant Gardner objects, arguing that Rubygold seeks relief for a hypothetical scenario that has not occurred (and may never occur), the court's original order did not address res judicata, and Rubygold is nonetheless incorrect that the court's order contained manifest errors of law.[2]  While the court has grounds to deny Rubygold's reconsideration motion outright,[3] its request is not unreasonable under the circumstances, and it will nevertheless grant the motion in part and clarify its order as follows.

---

[1] See Motion to Reconsider or Modify Order (doc. no. 42).  Reconsideration is an "extraordinary remedy which should be used sparingly."  Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

[2] See Doc. no. 44.

[3] The court would ordinarily deny Rubygold's reconsideration motion because all of the arguments therein could have been raised as part of its presentation of the underlying motion, and a reconsideration motion is not "a vehicle for a party to . . . advance arguments that could and should have been presented to the district court prior to" its underlying order.  United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)).  Moreover, the court disagrees that it committed a manifest error of law in ruling that Rubygold was not a stranger to the state court proceeding for purposes of the Anti-Injunction Act because Rubygold was never a concurrent or co-owner with the Shiltkamps of the property in question, and took title to the property after Gardner obtained a judgment affecting the property.  Under the authorities cited in Rubygold's reconsideration motion, it appears that Mascoma's status as mortgagee differs in a meaningful manner from Rubygold's status as successor in interest.

**Rubygold's argument**.  Rubygold asserts that certain language in the court's order, or implied findings that were part of its ruling that Rubygold was not a stranger to the state court case, are manifest errors of law.  It is concerned that these alleged rulings will have some preclusive effect on its ultimate recovery against defendant Gardner.  Specifically, Rubygold worries that the court ruled that it was bound, under principles of res judicata, by the judgment and other orders in the state court case.  It seeks an order clarifying that the preliminary injunction order did not include any rulings as to res judicata claim preclusion.[4]

**Analysis**.  The court thought it was sufficiently clear that it was not making any type of res judicata determination when it stated that its "ruling that Rubygold is not a 'stranger' to the state court litigation 'has less drastic repercussions for [it] than would a formal res judicata determination' because this ruling does not divest Rubygold of its right to litigate its claims, but merely restricts them to the available other fora."[5]  It also did not analyze the elements of res judicata, and expressly noted that its ruling was "narrow" and "for purposes of this analysis" – meaning the Anti-Injunction Act analysis – only.  In sum, the court ruled that successors in interest to property like Rubygold have a pre-existing substantive legal relationship with predecessors in interest and are not strangers to a state court proceeding involving the predecessor owner.  The "strangers" exception to Anti-Injunction Act does not apply, and the Act bars the requested injunctive relief.

**Clarification**.  To make this determination, the court used concepts of privity that are applied in the parlance of res judicata jurisprudence.  See Casa Marie, Inc. v. Superior Court of Puerto Rico for Dist. of Arecibo, 988 F.2d 252, 265 (1st Cir. 1993).  But this was not a finding or

---

[4] Doc. no. 42, at 3.

[5] Doc. no. 41, at 24 (emphasis added).

ruling that Rubygold is bound by orders in the state court case under res judicata principles.

Accordingly, nothing in the court's order should be construed as a finding that res judicata or

other preclusion doctrines bar Rubygold from pursuing certain arguments or claims against

Gardner in this case, the state court, or elsewhere.  The court has found no res judicata preclusion

as to the priority dispute framed in Count 2 of Rubygold's complaint, or the claims made in

Counts 1, 3 and 4 of its complaint.

**Ruling**.  The court therefore GRANTS Rubygold's motion for reconsideration[6] in part

and, on reconsideration, clarifies its order denying Rubygold's motion for preliminary injunction

consistent with this order.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: February 18, 2021

cc:     Edmond J. Ford, Esq.
        Marc W. McDonald, Esq.
        W. E. Whittington, Esq.

---

[6] Doc. no. 42.