UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Rubygold Main Holdings, LLC

    v.                                                                                   Civil No. 20-cv-1006 -JL
                                                                                                 Opinion No. 2021 DNH 121
Brian Gardner Carpentry, LLC

## SUMMARY ORDER ON PENDING MOTIONS

Following the court's July 2, 2021 order (doc no. 60) on the parties' motions for summary judgment, the parties have filed and briefed two additional motions. Defendant Brian Gardner Carpentry, LLC moves for reconsideration of the court's summary judgment order and asks the court to vacate its rulings denying Gardner's motion for summary judgment as to Counts 4 and 5 of Plaintiff Rubygold's complaint.[1] Rubygold moves for voluntary dismissal, without prejudice, of its claims in this case.[2] This order addresses both motions.

**I.       Motion for reconsideration**

Gardner's motion for reconsideration is denied for the following reasons. Reconsideration is an "extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). A motion for reconsideration is not "a vehicle for a party to . . . advance arguments that could and should have been presented to the district court prior to" its underlying order. United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)). Nor is it an opportunity "to regurgitate old arguments previously considered and rejected." Biltcliffe v.

---

[1] Doc. no. 61.

[2] Doc. no. 63.

CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (internal punctuation omitted).  Instead, the movant "shall demonstrate that the order was based on a manifest error of fact or law."  L.R. 7.2(d).

The court must deny Gardner's motion because it re-raises a number of arguments that the court has already considered and rejected and raises supposedly "new" arguments that could and should have been presented during the lengthy briefing and argument of the underlying summary judgment motion.  In any event, none of the alleged errors of fact or law that Gardner identifies in its motion are manifest or meaningfully affected the court's original rulings.  Gardner is free to raise these arguments in state court if it moves to dismiss Rubygold's abuse of process and slander of title claims there, but they do not warrant reconsideration, let alone reversal, of this court's summary judgment order.

## II.  **Motion to dismiss**

Rubygold moves to dismiss this action without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure.  It alleges that it has filed a new lawsuit in Grafton County Superior Court against Gardner, re-asserting its remaining claims in this lawsuit for abuse of process and slander of title, as well as two declaratory judgment claims.[3]  Rubygold thus seeks dismissal of this case without prejudice so it can proceed in state court.  Gardner objects, arguing that Rubygold seeks a "do-over" in state court to avoid certain rulings from this court.[4]

Rule 41(a)(2) permits a plaintiff to request dismissal of an action "by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  "The rule allows a plaintiff to voluntarily dismiss his own case as long as 'no other party will be prejudiced.'"  Colon-Cabrera

---

[3] See Rubygold's State Court Complaint, doc. no. 63-1.

[4] See Gardner's Objection to Motion to Dismiss, doc. no. 65-1.

v. Esso Standard Oil Co., 723 F.3d 82, 87 (1st Cir. 2013) (quoting P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)). Dismissal without prejudice is the norm, "unless the court finds that the defendant will suffer legal prejudice." Leith, 668 F.2d at 50.

In exercising its discretion to dismiss a case under Rule 41(a)(2), the court may look at "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation [of] the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Colon-Cabrera, 723 F.3d at 88 (quoting Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000)). Here, each of these factors favors dismissal without prejudice (with one exception, discussed below) and any purported prejudice to Gardner resulting from the dismissal will be minimal.

**Effort and expense.** Notwithstanding the flurry of early motion practice, this case remains in the early stages. The parties have not proposed a litigation schedule or discovery plan, the court has not held a preliminary pretrial conference, and the case has not yet been scheduled for trial. In addition, although the parties have conducted some written discovery, neither side appears to have taken any depositions yet. And while the court has no reason to doubt Gardner's allegation that it has expended substantial effort and expense in defending this case, the product of most of that effort can be utilized to defend against the state court case. For example, any documents or interrogatory answers produced in this case can be used in the state court case. Gardner can also repurpose most of its motions, other pleadings, exhibits, and supporting documents filed in this case (aside from portions of those materials relating to the Anti-Injunction Act or other federal abstention and related doctrines) in the state court case. A

dismissal without prejudice would not waste Gardner's already-expended effort and expense in this case.

**Excessive delay or lack of diligence.**  Rubygold has not shown a lack of diligence in prosecuting this action or otherwise delayed its resolution.  It filed a motion for preliminary injunction on the same day it filed suit and filed a motion for summary judgment (which advanced several good faith arguments on the merits of Count 2) while its preliminary injunction motion was still under advisement.  This factor also weighs in favor of dismissal without prejudice.

**Explanation of reasons for dismissal.**  While Rubygold's motion to dismiss is concise, it provides sufficient reasons – particularly, the filing of the state court lawsuit – for its request to dismiss this lawsuit without prejudice.[5]  Rubygold also correctly points out in its motion that the core of its case against Gardner is the resolution of Count 2 regarding lien priority, and this court has already determined that it cannot rule on the merits of that claim without violating the Anti-Injunction Act.  Rather than appeal that decision, Rubygold has elected to have all of its remaining claims decided in state court.  That is a more-than-sufficient reason for dismissing this suit without prejudice.[6]

**Pending motions.**  Gardner argues that its fully briefed motion for reconsideration is a basis to deny Rubygold's dismissal request.  That concern is moot as the court is contemporaneously denying Gardner's motion for reconsideration in this order.  There are also no summary judgment or other dispositive motions pending, as the court has already ruled on

---

[5] Rubygold further elaborated on these reasons for seeking a voluntary dismissal in its Reply. See Doc. No. 66.

[6] It is also not lost on the court that it has intimated in prior orders that the New Hampshire Superior Court may be the better forum for Rubygold's claims.

Gardner's motion for summary judgment.  Had Rubygold sought voluntary dismissal in response to Gardner's motion for summary judgment, the court would have viewed its dismissal request differently.

**Additional factors.**  Finally, the court addresses several other arguments from Gardner's objection to Rubygold's motion to dismiss.  None of those arguments show that Gardner will be prejudiced by dismissing this case without prejudice.

Contrary to Gardner's objection, the court has not given its "views on nearly all the legal and factual issues" in this case.  Nor does Gardner explain what "numerous rulings" Rubygold seeks to avoid by filing suit in state court.  The court did not reach the merits of Rubygold's equitable claims, instead ruling that the Anti-Injunction Act prevented it from issuing the equitable relief requested in those claims.  It also did not decide the merits of the abuse of process or slander of title claims because it found that factual disputes precluded summary judgment for Gardner on those claims.  Rubygold would therefore not be "doing over" any of those claims in state court.[7]

The only claim that the court arguably decided on the merits was Rubygold's Consumer Protection Act claim, and the court ruled in Gardner's favor on that claim.  Rubygold has not re-asserted its CPA claim in the new state court case.  Gardner nonetheless argues that if this action is dismissed without prejudice before the appeal period runs, Rubygold could amend its state court complaint to add a CPA claim.  Rubygold responds that it does not intend to revive the CPA claim in state court, but would not object if this court dismissed that claim with prejudice.[8]

---

[7] The court offers no opinion on Rubygold's decision to file a separate lawsuit in the Grafton County Superior Court (as opposed to intervening in the current lawsuit), which Gardner calls "forum shopping."

[8] See Reply Memo., doc. no. 66-1, at 3 ("Plaintiff has no objection if the Court wishes to dismiss only Count VI with prejudice").

While the court has no reason to question Rubygold's counsel's assurance that it will not seek to add a CPA claim to its state court lawsuit, it finds that dismissal of the CPA claim with prejudice will eliminate any perceived unfairness or prejudice to Gardner (however minimal that may be). See JRA Architects & Project Managers, P.S.C. v. First Fin. Grp., Inc., 375 F. App'x 42, 43 (1st Cir. 2010) (the court may "impos[e] conditions on the dismissal to ensure that [the defendant] is not unduly prejudiced by the dismissal").

Moreover, Gardner's concern about a state court jury "completely undo[ing] the factual findings already made" by this court is misplaced. As noted above, this court did not reach the merits of Rubygold's slander of title and abuse of process claims. It also did not make "factual findings" in its prior orders. The factual background summaries in those orders were based on agreed-upon submissions by the parties (a joint statement of facts, joint timeline, and exhibits), not independent fact finding by the court. The parties can use those jointly submitted factual statements and exhibits in the state court proceeding, if necessary.

Lastly, Gardner argues that the court should not dismiss the case without prejudice because the appeal period has not run on the court's prior orders and a dismissal without prejudice would allow Rubygold to "attempt to revive [Counts 1-3] in another federal court." While the court agrees that a dismissal without prejudice may not prevent Rubygold from filing a subsequent federal lawsuit alleging these same claims, that scenario seems highly unlikely given the court's Anti-Injunction Act rulings, as well as the fact that Rubygold is now seeking to adjudicate these claims in state court. In any event, the "mere prospect of a subsequent lawsuit does not constitute . . . prejudice." Colon-Cabrera, 723 F.3d at 87 (citing Urohealth Sys., Inc., 216 F.3d at 160-61).

In sum, this is not a situation in which Rubygold proposes "to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling." Colon-Cabrera, 723 F.3d at 88. The other factors discussed above also demonstrate that any prejudice to Gardner resulting from the dismissal of this case without prejudice will be minimal. Rubygold's motion to dismiss is granted and the case is dismissed without prejudice, with the exception of its CPA claim (Count 6), which is dismissed with prejudice. The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: August 10, 2021

cc:    Edmond J. Ford, Esq.
       Marc W. McDonald, Esq.
       W. E. Whittington, Esq.